[Cite as *State v. Abbuhl*, 2011-Ohio-6550.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| v. | Case No. 11AP030014 |
| KASSANDRA ABBUHL | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County Court
of Common Pleas, Case No.
2010CR070188

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 14, 2011

APPEARANCES:

For Plaintiff-Appellee

RYAN STYER
Tuscarawas County Prosecutor

MICHAEL J. ERNEST
Assistant County Prosecutor
for Tuscarawas County
125 East High Avenue
New Philadelphia, Ohio 44663

For Defendant-Appellant

GERALD A. LATANICH
Tuscarawas County Public Defender Office
153 North Broadway
New Philadelphia, Ohio 44663

*Hoffman, P.J.*

{¶ 1}  Defendant-appellant Kassandra Abbuhl appeals her conviction entered by the Tuscarawas County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶ 2}  On January 25, 2010, Appellant was a passenger in a car stopped by the Newcomerstown Police Department.  Patrolman Selby approached the car, and noticed an odor of marijuana.  He also smelled alcohol on the driver's person.  He then asked the driver for permission to search the car for alcohol containers.  Consent was granted by the driver.

{¶ 3}  Patrolman Jenkins testified he searched the vehicle, and noticed an odor of burned marijuana.  The occupants of the vehicle were asked to exit the car. Appellant was told to leave her purse in the car.  The officers searched her purse and found what appeared to be marijuana pre-rolled and ready for sale.  They also found baggies and scales.

{¶ 4}  Appellant was indicted on one count of trafficking in drugs, in violation of R.C. 2925.03(A)(2).  On September 29, 2010, Appellant filed a motion to suppress the drugs found incident to the search of her purse.  The trial court conducted a suppression hearing relative to Appellant's motion to suppress on October 25, 2010.

{¶ 5}  Via Judgment Entry of January 25, 2011, the trial court denied Appellant's motion to suppress.  Appellant then entered a plea of no contest to the indictment on January 31, 2011.  Appellant was convicted of the charge and sentenced on March 16, 2011.

{¶ 6}  Appellant now appeals, assigning as error:

{¶ 7} "I. THE SEARCH OF THE APPELLANT'S PURSE SHOULD BE SUPPRESSED AS BEING IN VIOLATION OF THE 4TH AMENDMENT AND ARTICLE 1 SECTION 14 OF THE OHIO CONSTITUTION."

{¶ 8} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N .E.2d 726. As the United States Supreme Court held in *Ornelas v. U .S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶ 9} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271. When a law enforcement officer stops an individual for a minor traffic offense, the officer may not generally expand the scope of the stop unless the officer observes additional facts giving rise to a reasonable suspicion of other criminal activity. *State v.*

*Latona,* Richland App.No.2010–CA–0072, 2011–Ohio–1253, ¶ 25, citing *State v. Guckert* (Dec. 20, 2000), Washington App. No. 99CA49, 2000–Ohio–1958.

{¶ 10} Many state and federal courts have previously confronted this issue and concluded that the detection of the odor of marijuana, alone, by an experienced law enforcement officer is sufficient to establish probable cause to conduct a reasonable search. See, *e.g., People v. Kazmierczak* (2000), 461 Mich. 411, 413, 605 N.W.2d 667, 668 ("the smell of marijuana alone by a person qualified to know the odor may establish probable cause to search a motor vehicle"); *Mendez v. People* (Colo.1999), 986 P.2d 275, 280 ("the smell of burning marijuana may give an officer probable cause to search or arrest"); *State v. Secrist* (1999), 224 Wis.2d 201, 210, 589 N.W.2d 387, 391 ("The unmistakable odor of marijuana coming from an automobile provides probable cause for an officer to believe that the automobile contains evidence of a crime."); *Green v. State* (1998), 334 Ark. 484, 490, 978 S.W.2d 300, 303 ("the odor of marijuana emanating from a particular bag located on a bus is sufficient to provide probable cause to conduct a search of that bag").

{¶ 11} The Ohio Supreme Court held in *State v. Moore* (2000), 90 Ohio St.3d 47, if the smell of marijuana, as detected by a person who is qualified to recognize the odor, is the sole circumstance, this is sufficient to establish probable cause. There need be no additional factors to corroborate the suspicion of the presence of marijuana. Id.

{¶ 12} Here, both officers testified to detecting the odor of marijuana coming from the vehicle. Tr. at 4; 9. Patrolman Jenkins testified he had undergone training through the Ohio Peace Officer's training academy to recognize the odor of marijuana. He testified he had experience in numerous traffic stops involving marijuana. Id. Further, a

passenger in the car admitted to recently smoking marijuana in the vehicle. Tr. at 5. The driver of the vehicle then gave the officers permission to search the vehicle. Tr. at 5.

{¶ 13} Both officers testified to detecting an odor of marijuana coming from inside the vehicle. The officers' observations, along with the passenger's admission to smoking marijuana in the car lend probable cause to the search of the vehicle by the law enforcement officers. Pursuant to *U.S. v. Ross* (1982), 456 U.S. 798, once probable cause exists to search the vehicle, the entire vehicle may be searched.

{¶ 14} A police officer with probable cause to search a vehicle may inspect a passenger's belongings found in the car which are capable of concealing an object of the search. *Wyoming v. Houghten* (1999), 526 U.S. 295.

{¶ 15} Here, we find the officers had probable cause to search the vehicle based upon the odor of marijuana detected from inside the vehicle. Both officers testified to their training and experience in detecting such odors. The driver of the vehicle gave the officers permission to search the vehicle, and another passenger admitted to smoking marijuana in the vehicle. Accordingly, the officer's had probable cause to conduct the search of the entire vehicle including Appellant's purse. We find because Appellant's purse was inside the vehicle at the time probable cause to search existed the instruction to Appellant not to remove her purse does not violate the Fourth Amendment. See, *State v. Mercier*, (2008) 117 Ohio St.3d 1243, 2008-Ohio-1429.

{¶ 16} Appellant's sole assignment of error is overruled.

{¶ 17} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
v.                                     :                JUDGMENT ENTRY
                                       :
KASSANDRA ABBUHL                       :
                                       :
    Defendant-Appellant            :                Case No. 11AP030014

For the reason stated in our accompanying Opinion, the judgment of the

Tuscarawas County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER

s/Julie A. Edwards_____
HON. JULIE A. EDWARDS