**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4280**

_____

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

    v.

CHRISTOPHER JAMIE DAVIS,

    Defendant – Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:12-cr-00267-RBH-1)

_____

Argued:  May 15, 2014                  Decided:  June 30, 2014

_____

Before MOTZ and DIAZ, Circuit Judges, and DAVIS, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED**: James P. Rogers, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Columbia, South Carolina, for Appellant.  Robert Frank Daley,
Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South
Carolina, for Appellee.  **ON BRIEF**: William N. Nettles, United
States Attorney, Columbia, South Carolina, Alfred W. Bethea,
Jr., Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Jamie Davis appeals from his conviction, pursuant to a conditional guilty plea, of using a firearm in furtherance of a drug trafficking crime. Davis contends that the district court erred in denying his motion to suppress. We affirm.

On November 15, 2011, Officer Marvin Cox stopped a car for speeding. He approached the vehicle, saw a substance that appeared to be marijuana on the driver's lap, and detected the odor of marijuana emanating from the car. Davis was the front seat passenger in the vehicle. The patrol car dashboard camera showed that while Officer Cox talked to the driver near the front of the patrol car, the front passenger side door opened and closed.

Officer Cox called for backup and Officer Tabitha Smith arrived at the scene. Officer Cox then had Davis exit the vehicle and checked him for weapons. Officer Cox subsequently searched the vehicle and located a bottle of vodka and two cups containing vodka. One cup also "contain[ed] a small marijuana roach." J.A. 37. Both Davis and the driver admitted to drinking alcohol in the vehicle; Cox arrested each of them for having an open container of alcohol. Cox then transported Davis and the driver to the county jail. Officer Smith remained with the

vehicle, awaiting the tow truck to impound the vehicle. No one else approached the vehicle during this time.

As the vehicle was being loaded onto the tow truck, Officer Smith observed a bag embroidered with the name "Davis" under the vehicle on the passenger side. Officer Smith notified Officer Cox of her discovery and Officer Cox returned to the scene. Officer Cox searched the bag and discovered, among other items, narcotics, two handguns, and a wallet containing Davis' identification.

On March 27, 2012, the grand jury indicted Davis for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); felon in possession, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e); and using and carrying a firearm during and in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On September 27, 2012, Davis filed a motion to suppress the evidence seized from the bag. On October 16, 2012, the district court held a hearing on the suppression motion. Officers Cox and Smith testified about the traffic stop and the subsequent searches; the tow truck driver described the discovery of the bag in the course of his preparations to tow the car.

On November 14, 2012, the district court denied the motion. While the government had asserted several bases on which the

3

district court could have done so, the court concluded solely that Davis had abandoned the bag by attempting to secrete it beneath the car during the traffic stop, and Davis therefore had no objectively reasonable expectation of privacy in its contents.

Thereafter, Davis conditionally pled guilty to Indictment Count 3, possession of a firearm in furtherance of a drug trafficking crime, pursuant to a plea agreement in which he preserved his right to appeal the denial of his suppression motion. The district court sentenced Davis to 240 months' imprisonment, with five years' supervised release. Davis timely filed this appeal.

We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and its legal conclusions de novo. United States v. Vaughan, 700 F.3d 705, 709 (4th Cir. 2012). When the district court denies a motion to suppress, we view the evidence in the light most favorable to the government. Id. We may affirm on any ground supported by the record, regardless of the ground on which the district court relied. Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014) (citing United States v. Moore, 709 F.3d 287, 293 (4th Cir. 2013)).

"The police may search an automobile and the containers within it where they have probable cause to believe contraband

4

or evidence is contained." California v. Acevedo, 500 U.S. 565, 580 (1991); see also United States v. Carter, 300 F.3d 415, 421-22 (4th Cir. 2002) (per curiam). The officers in this case undeniably had probable cause to search the car for narcotics on the basis of the odor of marijuana detected by Officer Cox when he first approached the car. See Carter, 300 F.3d at 422; United States v. Lewis, 606 F.3d 193, 198 (4th Cir. 2010). This authority to search extended to any containers within the vehicle, including those possessed or owned by passengers in the car. Wyoming v. Houghton, 526 U.S. 295, 307 (1999).

Although Davis' bag was discovered outside the car after he had been removed from the scene, the district court specifically found that Davis had placed the bag beneath the car during the traffic stop. Undisputed evidence in the record fully supports the district court's determination: (1) the bag was found beneath the passenger side of the car; (2) the dashboard video camera revealed that the passenger door opened and closed while Officer Cox was speaking with the driver during the stop; and (3) Davis' name is embroidered on the bag and his identification was found in the bag. In light of the above, we have no hesitation in concluding, as the government argued below, that the fact that the bag was moved before it was discovered did not vitiate Officer Cox's authority to seize the bag and search it attendant to the lawful search of the vehicle. Specifically, at

the time of the stop, the probable cause to search the car extended to the bag. See Acevedo, supra, and Houghton, supra. Accordingly, the search of the bag was a reasonable search under the Fourth Amendment.

The judgment of the district court is

AFFIRMED.