[Cite as *State v. Eiler*, **2016-Ohio-224.**]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2015 AP 05 0023 |
| JOSHUA L. EILER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                Pleas, Case No.  2014 CR 09 0224


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         January 21, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MICHAEL J. ERNEST                         MARK A. PERLAKY
ASSISTANT PROSECUTOR                      ASSISTANT PUBLIC DEFENDER
125 East High Avenue                      163 North Broadway
New Philadelphia, Ohio  44663             New Philedelphia, Ohio  44663

*Wise, J.*

{¶1}   Appellant Joshua L. Eiler appeals his conviction on one count of aggravated possession of drugs following a jury trial in the Tuscarawas County Common Pleas Court.

STATEMENT OF THE FACTS AND CASE

{¶2}   On March 6, 2014, Trooper Mason Hale of the Ohio State Highway Patrol observed a black Honda Civic traveling at what appeared to be in excess of the 55 mile per hour speed limit on State Route 39 in Tuscarawas County. (Trial T. at 34). Trooper Hale confirmed said speed with his moving radar and turned around to pursue the vehicle. (*Id.*) Hale performed a traffic stop of the vehicle at mile post 25. (Trial T. at 56). Upon approach, the driver of the Civic opened the door, as the window was not working, and the driver, later identified as Appellant Joshua Eiler, agreed to provide his license information to Trooper Hale.

{¶3}   Trooper Hale then returned to his cruiser and had a conversation with supervising officer Clinton Armstrong, who was with Hale in the cruiser. (Trial T. at 58). During said conversation, Trooper Hale indicated that he believed he smelled the odor of burnt marijuana corning from the driver's side of the vehicle, but that he was unable to smell it when he brought himself closer to Appellant within the vehicle. (Supp. T. at 30, 34).

{¶4}   Hale and Armstrong found that there was a warrant for Appellant's arrest, but they had received an indication that Appellant was outside of the pick-up radius of the warrant in question. (Supp. T. at 19-21).

{¶5} Trooper Armstrong then approached the vehicle on the passenger side. He indicated that he could not smell an odor of burnt marijuana coming from the passenger side of the vehicle, and he specifically noted that the passenger had been smoking a cigarette immediately prior to his approach of the vehicle. He testified that this caused him to be unable to smell anything. (Supp. T. at 11).

{¶6} The Troopers then made a call to dispatch to see if there was any information that may have suggested Appellant was a drug trafficker, and the dispatcher advised that she had no such indications. (Supp. T. at 23).

{¶7} Later into the traffic stop, Trooper Armstrong approached the driver's side of the vehicle and inquired as to whether Appellant had found his proof of financial responsibility. After speaking with Appellant, Armstrong returned to his cruiser and stated to Trooper Hale that he believed that he smelled burnt marijuana coming from the vehicle. (Supp. T. at 12).

{¶8} Upon completing the drafting of the speeding ticket against Appellant, Troopers Hale and Armstrong ordered both occupants out of the vehicle in order to conduct a search based on what they believed was probable cause. (Supp. T. at 36). During the search, Trooper Armstrong ordered the passenger to leave her purse in the vehicle so that it could be searched. (Supp. T. at 26). Upon searching the passenger's purse, a plastic bag with green plant material, a digital scale, and a blue/silver metal smoking pipe, among other things, were found. (*Id.*) While in the Trooper's cruiser, both Appellant and his passenger briefly discussed the Troopers' search, and Appellant indicated that the Troopers "found everything." (Trial T. at 63).

{¶9} Appellant was arrested and ultimately charged with Possession of Drug Paraphernalia and Possession of Marijuana. After substance testing, Appellant was indicted on one count of Aggravated Possession of a Controlled Substance, namely XLR- 11.

{¶10} On December 9, 2015, Appellant filed a Motion to Suppress.

{¶11} On January 28, 2015, a hearing was held on Appellant's motion to suppress.

{¶12} By Judgment Entry dated February 23, 2015, the trial court overruled Appellant's Motion to Suppress Evidence.

{¶13} A Jury Trial was held in this matter on April 9 and 10, 2015.

{¶14} After deliberating, the jury returned a verdict of Guilty on the sole count in the indictment.

{¶15} The trial court sentenced Appellant to one (1) year of unsupervised community control sanctions, seventy-five (75) hours of community service, payment of the court costs, and to serve a six-month (6) suspension of his motor vehicle operator's license. Said sentence was stayed pending the present appeal.

{¶16} Appellant now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

{¶17} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE, AS THE TROOPERS DID NOT HAVE PROBABLE CAUSE TO EITHER EXTEND THE TRAFFIC STOP OF APPELLANT'S VEHICLE OR TO SEARCH EITHER APPELLANT'S VEHICLE OR HIS PASSENGER'S PURSE.

**{¶18}** "II. THE JURY'S VERDICT OF GUILTY WAS BASED ON INSUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

**{¶19}**  In his First Assignment of Error, Appellant contends the trial court erred in denying his motion to suppress. We disagree.

**{¶20}**  There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N .E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N .E.2d 726.

**{¶21}**  Here, Appellant contends that the trial court incorrectly decided the ultimate or final issue raised in the Motion to Suppress.

**{¶22}**  Trooper Hale stopped Appellant's vehicle travelling over the posted speed limit. Appellant has not challenged the initial stop of the vehicle.

**{¶23}** Here, Appellant argued in his suppression motion that the officers lacked reasonable suspicion to prolong the traffic stop nor probable cause to search the vehicle and/or the passenger's purse.

**{¶24}** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

**{¶25}** The United States Supreme Court has held that "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

**{¶26}** When a law enforcement officer stops an individual for a minor traffic offense, the officer may not generally expand the scope of the stop unless the officer observes additional facts giving rise to a reasonable suspicion of other criminal activity. *State v. Latona*, Richland App.No. 2010–CA–0072, 2011–Ohio–1253, ¶ 25, citing *State v. Guckert* (Dec. 20, 2000), Washington App. No. 99CA49, 2000–Ohio–1958.

**{¶27}** Many state and federal courts have previously confronted this issue and concluded that the detection of the odor of marijuana, alone, by an experienced law enforcement officer is sufficient to establish probable cause to conduct a reasonable search. *See, e.g., People v. Kazmierczak* (2000), 461 Mich. 411, 413, 605 N.W.2d 667, 668 ("the smell of marijuana alone by a person qualified to know the odor may establish probable cause to search a motor vehicle"); *Mendez v. People* (Colo.1999), 986 P.2d

275, 280 ("the smell of burning marijuana may give an officer probable cause to search or arrest"); *State v. Secrist* (1999), 224 Wis.2d 201, 210, 589 N.W.2d 387, 391 ("The unmistakable odor of marijuana coming from an automobile provides probable cause for an officer to believe that the automobile contains evidence of a crime."); *Green v. State* (1998), 334 Ark. 484, 490, 978 S.W.2d 300, 303 ("the odor of marijuana emanating from a particular bag located on a bus is sufficient to provide probable cause to conduct a search of that bag").

{¶28} The Ohio Supreme Court held in *State v. Moore* (2000), 90 Ohio St.3d 47, if the smell of marijuana, as detected by a person who is qualified to recognize the odor, is the sole circumstance, this is sufficient to establish probable cause. There need be no additional factors to corroborate the suspicion of the presence of marijuana. *Id.*

{¶29} In the case *sub judice*, both Troopers Hale and Armstrong testified to detecting the odor of marijuana coming from the vehicle. (Trial T. at 35-36, 57; Supp. T. at 12). Both Troopers testified that they had received training through the Ohio State Highway Patrol Academy on how to recognize the odor of marijuana. (Supp. T. at 7, 31). Trooper Armstrong further testified he had experience in numerous traffic stops involving marijuana. (Supp. T. at 7).

{¶30} The officers' observations in detecting an odor of marijuana coming from inside the vehicle created probable cause to the search of the vehicle by the law enforcement officers. Pursuant to *U.S. v. Ross* (1982), 456 U.S. 798, once probable cause exists to search the vehicle, the entire vehicle may be searched.

**{¶31}** A police officer with probable cause to search a vehicle may inspect a passenger's belongings found in the car which are capable of concealing an object of the search. *Wyoming v. Houghten* (1999), 526 U.S. 295.

**{¶32}** Upon review, we find the officers had probable cause to search the vehicle based upon the odor of marijuana detected from inside the vehicle. Both officers testified to their training and experience in detecting such odors. We find because the purse was inside the vehicle at the time probable cause to search existed, the instruction to Appellant not to remove her purse does not violate the Fourth Amendment. *State v. Abbuhl*, 5th Dist. Tusc. County No. 11AP030014, 2011-Ohio-6550; *See also, State v. Mercier*, (2008) 117 Ohio St.3d 1243, 2008–Ohio–1429;

**{¶33}** Accordingly, the officer's had probable cause to conduct the search of the entire vehicle, including the passenger's purse. The trial court correctly denied the motion to suppress.

**{¶34}** Appellant's First Assignment of Error is overruled.

II.

**{¶35}** In his Second Assignment of Error, Appellant argues that his conviction was against the manifest weight and sufficiency of the evidence. We disagree.

**{¶36}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–

Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.* The weighing of the evidence and judging of the credibility of the witnesses is best left to the trier of fact.

**{¶37}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶38}** Appellant herein was charged and convicted of one count of aggravated possession of drugs, in violation of R.C. §2925.11(A), which provides: "(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance … in Schedule I or II."

**{¶39}** Appellant specifically argues that he was not in possession of the drugs found in the passenger's purse in his vehicle.

**{¶40}** R.C. §2925.01(K) defines possession as follows: " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

**{¶41}** R.C. §2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the

thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D)(1).

{¶42} Possession may be actual or constructive. *State v. Butler,* 42 Ohio St.3d 174, 176, 538 N.E.2d 98(1989); *State v. Haynes,* 25 Ohio St.2d 264, 267 N.E.2d 787(1971); *State v. Hankerson,* 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery,* 46 Ohio St.2d 316, 332, 348 N.E.2d 351(1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly,* 137 Ohio App.3d 134, 738 N.E.2d 93 (8th Dist.2000). Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler, supra*; *State v. Barr,* 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247–248 (8th Dist.1993); *State v. Morales,* 5th Dist. Licking No. 2004 CA 68, 2005–Ohio–4714, ¶ 50; *State v. Moses,* 5th Dist. Stark No. 2003CA00384, 2004–Ohio–4943,¶9. Ownership of the contraband need not be established in order to find constructive possession. *State v. Smith,* 9th Dist. Summit No. 20885, 2002–Ohio–3034, ¶13, *citing State v. Mann,* 93 Ohio App.3d 301, 308, 638 N.E.2d 585 (8th Dist.1993). Furthermore, possession may be individual or joint. *Wolery,* 46 Ohio St.2d at 332, 348 N.E.2d 351. Multiple individuals may constructively possess a particular item of contraband simultaneously. *State v. Pitts,* 4th Dist. Scioto No. 99 CA 2675, 2000–Ohio–1986. The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession. *State v. Hankerson,* 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, 1365 (1982), certiorari denied, 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130 (1982).

**{¶43}** As set forth above, testimony was presented at trial that the controlled substance XLR-11 was found in the purse of Appellant's passenger, Ashley Bates. The same substance was also found in a device used to smoke the drug and a on a scale located inside a lunch box found in the back seat of Appellant's vehicle. Testimony was presented that the lunch box also contained baggies. Additionally, when appellant was placed in the trooper's vehicle, he was overheard asking or telling Ms. Bates "they took everything" and "I told them I don't know what it is."

**{¶44}** Based on the foregoing, we find that there was sufficient evidence that appellant knew that the substance found in his car was XLR-11, knew that it was in his car and allowed it, and therefore constructively possessed the drugs found in his vehicle. We further find that the jury did not lose its way in convicting Appellant of the crime of possession of drugs.

**{¶45}** Appellant's Second Assignment of Error is overruled.

**{¶46}** For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio is affirmed.

By: Wise, J.
Gwin, P. J., and
Hoffman, J., concur.

JWW/d 112