[Cite as *State v. Lewis*, 2023-Ohio-3036.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-220457 |
| | | TRIAL NO. | B-2103782-B |
| Plaintiff-Appellee, | : | | |
| vs. | | *O P I N I O N.* | |
| | : | | |
| BRITTANY LEWIS, | | | |
| | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: August 30, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Brian A. Smith,* for Defendant-Appellant.

**Bock, Judge.**

{¶1}   In this appeal, we are asked to consider the narrow application of the automobile exception to the Fourth Amendment's warrant requirement: whether officers may, in the course of a car search, search a container held roughly 25 feet away from the car. We hold that the automobile exception does not extend to containers removed from the car before officers develop probable cause to search the car.

### I. Facts and Procedure

{¶2}   In July 2021, Cincinnati Police Officers Nicholas Clark and Carl Reed were on patrol when they encountered a car parked in a "no-parking" zone in a cul-de-sac. The officers entered the cul-de-sac and watched defendant-appellant Brittany Lewis exit from the driver's side door, with her purse in hand, and walk to a nearby townhouse.

{¶3}   As the officers approached the end of the cul-de-sac, they ran a search of the car's license plate. The search revealed outstanding felony warrants for drug trafficking involving the vehicle's owner, Donnie Dukes.

{¶4}   The officers stopped their cruiser and approached the car. The driver's side door opened, and Dukes emerged after having "crawled over from the passenger's side seat." The officers noticed a pink cell phone on the driver's seat and recognized a strong odor of marijuana emitting from the vehicle. Dukes was arrested and placed into the police cruiser. Clark searched the vehicle and found drugs in a backpack on the passenger side of the vehicle, and a gun in the center console.

{¶5}   As the arrest and search were unfolding, Lewis "turned her attention back towards the vehicle" and walked towards the officers. Clark testified that Lewis stood in the street, approximately 25 feet away from the car, with her purse slung across her shoulder and asked for her phone. According to Clark, Lewis was

cooperative and complied with officer instructions. Clark testified that an officer handcuffed Lewis, "removed her purse from her person," unzipped it, and searched its contents. Inside, the officer found and inspected two pill bottles.

{¶6} Based on the search of the purse and pill bottles, the state charged Lewis with two counts of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2) and two counts of possessing a fentanyl-related compound in violation of R.C. 2925.11(A).

{¶7} Lewis moved to suppress the evidence, challenging the warrantless searches of the car and her purse. The trial court denied her motion. A jury found Lewis guilty of all four counts. The trial court merged three of the counts into the first count of trafficking-in-a-fentanyl-related compound and sentenced her to 18 months of incarceration. On appeal, Lewis raises four assignments of error.

## II. Law and Analysis

{¶8} In her first assignment of error, Lewis argues that the trial court erred when it overruled her motion to suppress. First, she argues that the search of the car violated the Fourth Amendment, disputing the application of the automobile and search-incident-to-arrest exceptions to the warrant requirement. Second, she argues that the automobile exception fails to justify the subsequent search of her purse.

{¶9} An appeal of a trial court's denial of a motion to suppress " 'presents a mixed question of law and fact.' " *State v. Thompson*, 1st Dist. Hamilton No. C-200388, 2021-Ohio-3184, ¶ 10, quoting *State v. Taylor*, 174 Ohio App.3d 477, 2007-Ohio-7066, 882 N.E.2d 945, ¶ 11 (1st Dist.). The parties agree that Lewis exited from the car and walked to the townhouse before officers arrested Dukes, smelled the marijuana, and searched the car. And they agree that she returned to the cul-de-sac before officers detained her and searched her purse. Therefore, we must

3

independently determine whether those facts " ' satisfy the applicable legal standard.' " *State v. Curry*, 1st Dist. Hamilton No. C-210274, 2022-Ohio-627, ¶ 13, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

**{¶10}** The Fourth Amendment to the United States Constitution ensures "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The search of the vehicle and Lewis's purse occurred without a warrant, and warrantless searches are per se unreasonable unless the search falls under one of the " 'jealously and carefully drawn' " exceptions to the warrant requirement. *Coolidge v. New Hampshire,* 403 U.S. 443, 455, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)*,* quoting *Jones v. United States,* 357 U.S. 493, 499, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958); s*ee Thompson* at ¶ 11, quoting *State v. Bacher*, 170 Ohio App.3d 457, 2007-Ohio-727, 867 N.E.2d 864, ¶ 8 (1st Dist.). When a warrantless search is challenged, the state carries the burden of showing that the search falls within one of the well-defined exceptions. *See Xenia v. Wallace*, 37 Ohio St.3d 216, 218, 524 N.E.2d 889 (1988); *State v. Banks-Harvey*, 152 Ohio St.3d 368, 2018-Ohio-201, 96 N.E.3d 262, ¶ 18, citing *Athens v. Wolf*, 38 Ohio St.2d 237, 241, 313 N.E.2d 405 (1974).

<u>The Vehicle Search Was Constitutional.</u>

**{¶11}** We begin with the search of the car. Lewis appears to argue that the unconstitutionality of the car search renders the ensuing search of her purse unconstitutional. The Fourth Amendment's automobile exception justifies "a warrantless search of a lawfully stopped vehicle if [officers] have probable cause to believe that the vehicle contains contraband." *State v. Mitchell*, 1st Dist. Hamilton No. C-210582, 2022-Ohio-2564, ¶ 13, citing *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), and *State v. Moore*, 90 Ohio St.3d 47, 51, 734 N.E.2d 804 (2000). Warrantless vehicle searches are reasonable given the innate mobility of

4

vehicles, which " 'can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.' " *Ross* at 806, quoting *Carroll v. United States*, 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543 (1932). The scope of the search extends to "every part of the vehicle and its contents that may conceal the object of the search." *Id.* at 825.

**{¶12}** But officers must have probable cause to believe that the vehicle contains contraband. *Id.* at 808. Probable cause is an objective standard. *See Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004). An officer has probable cause when the officer possesses "objective facts that would justify the issuance of a warrant by a magistrate." *Curry*, 1st Dist. Hamilton No. C-210274, 2022-Ohio-627 at ¶ 20. And "[p]robable cause to search a vehicle may be based on odors." *Id.* at ¶ 21, citing *State v. Vega*, 154 Ohio St.3d 569, 2018-Ohio-4002, 116 N.E.3d 1262, ¶ 15, quoting *Moore* at 51.

**{¶13}** Officers knew that Dukes had outstanding warrants for drug trafficking. Officer Clark described his training and field experience with marijuana. He arrested Dukes and recognized "a strong odor of marijuana coming from the vehicle." It is well established that the smell of marijuana emitting from a vehicle can establish probable cause to search the passenger compartment. *Moore* at 52; *see Curry* at ¶ 21. Therefore, the facts known to the officers provided ample reason to believe that the vehicle held marijuana or other evidence of drug activity and the search of the vehicle and containers in the passenger compartment was proper under the automobile exception.

### *The Purse Search Was Unconstitutional.*

**{¶14}** Turning to the search of her purse, Lewis argues that the automobile exception cannot serve as a basis for the purse search because she had exited from the car before officers approached the vehicle to apprehend Dukes. But the state, relying on our opinion in *State v. Mercier*, 1st Dist. Hamilton No. C-060490, 2007-Ohio-2017,

argues that the search of Lewis's purse fell under the automobile exception. The state does not offer arguments under any other Fourth Amendment exception.

{¶15} Because Lewis had exited from the car before officers developed probable cause to search the car without a warrant, we hold that the search of Lewis's purse violated the Fourth Amendment.

{¶16} In *Wyoming v. Houghton,* 526 U.S. 295, 307, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999), the Supreme Court of the United States held that, as part of a search of a vehicle's passenger compartment, officers "may inspect passengers' belongings found in the car that are capable of concealing the object of the search." In doing so, the Court explained that both drivers and passengers "possess a reduced expectation of privacy with regard to the property that they transport in cars." *Id.* at 303. The Court recognized the unique and distinguishable characteristics of cars to justify finding that reduced expectation of privacy, as cars are subjected to extensive government regulations and are frequently exposed to the public view. *Id.* The Court considered "practical realities," including the competing interests of law enforcement and the public in these situations and concluded that the needs of law enforcement overshadowed "a personal-privacy interest that is ordinarily weak." *Id.* at 306.

{¶17} And so, when a passenger's property in a vehicle is searched, "traumatic consequences are not to be expected." *Id.* at 303. The *Houghton* Court contrasted the search of a passenger's belongings with the "traumatic consequences" of a search of an individual—" '[e]ven a limited search of the outer clothing * * * constitutes a severe, though brief, intrusion upon cherished personal security, and it must surely be an annoying, frightening, and perhaps humiliating experience.' " *Id.*, quoting *Terry v. Ohio*, 392 U.S. 1, 24-25, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

{¶18} The state invokes *Houghton* and our opinion in *Mercier* to argue the application of the automobile exception to the search of Lewis's purse. The state contends that officers *could* have prevented Lewis from leaving the car *had* they approached the vehicle earlier. But both *Houghton* and *Mercier* addressed the constitutionality of a search of a passenger's belongings, or containers, that were inside the vehicle when officers established probable cause to search the vehicle.

{¶19} In *Houghton,* Houghton was in the car with her purse during a traffic stop when the officer noticed a syringe in the driver's front pocket and the driver subsequently explained "that he used it to take drugs." *Houghton*, 526 U.S. at 298, 119 S.Ct. 1297, 143 L.Ed.2d 408. And in *Mercier,* Mercier sat with her purse in the car when officers observed the driver sell a half pound of marijuana to a confidential informant. *Mercier,* 1st Dist. Hamilton No. C-060490, 2007-Ohio-2017, at ¶ 3. She was inside of the car with her purse when officers pulled the car over and the driver admitted that the car contained marijuana. *Id.* at ¶ 4. In fact, Mercier was ordered out of the car and instructed to leave her purse behind. *Id.* at ¶ 8. Considering these facts, we relied on *Houghton* to hold that the automobile exception permits an officer to search a passenger's purse after the officer ordered the passenger to exit from the car and leave her purse behind. *Id.* at ¶ 19.

{¶20} Significantly, in *Mercier* we explained that the officer had "a right to ensure that the purse was not removed from the authorized search area." *Id.* We were unequivocal that *Houghton* "emphasizes that the *location of the property in the automobile is the important factor*." (Emphasis added.) *Id.* at ¶ 18. And when we discussed the privacy implications of the search of Mercier's purse, we reasoned that "heightened protection[s] afforded to a passenger against the search of his or her person does not apply to the search of a passenger's personal property found *inside an*

7

*automobile*. The important issue is the location of the container *within the automobile*." (Emphasis added.) *Id*. at ¶ 14.

**{¶21}** Ohio caselaw interpreting *Mercier* makes clear that the automobile exception is limited to containers *within* the vehicle when officers develop probable cause to search the vehicle's passenger compartment. *See State v. Eiler,* 5th Dist. Tuscarawas No. 2015 AP 05 0023, 2016-Ohio-224, ¶ 32 ("because the purse was inside the vehicle at the time probable cause to search existed, the instruction to Appellant not to remove her purse does not violate the Fourth Amendment."); *State v. Abbuhl,* 5th Dist. Tuscarawas No. 11AP030014, 2011-Ohio-6550, ¶ 15; *State v. Raslovsky*, 2020-Ohio-515, 152 N.E.3d 402, ¶ 24 (2d Dist.) ("While Raslovsky's purse was in the vehicle, probable cause arose that allowed officers to search the interior of the vehicle and containers therein."). Likewise, the Fourth Circuit relied on the automobile exception and *Houghton* to uphold the search of a bag underneath a car because probable cause to search the car for narcotics "extended to *any containers within the vehicle,*" including the bag which was inside the car as officers smelled marijuana. (Emphasis added.) *United States v. Davis*, 576 F.Appx. 292, 295 (4th Cir.2014).

**{¶22}** But here, Officer Clark testified that Lewis had exited the from car with her purse before the officers established probable cause—"[s]he walked towards the dead end towards a townhouse." He further testified that she returned *after* the officers arrested Dukes and initiated the car search. And she remained "in the middle of the cul-de-sac," roughly 25 feet from the officers searching the car. Furthermore, she was cooperative throughout the search and made no furtive movements.

**{¶23}** Recently, the Idaho Supreme Court considered whether the automobile exception justifies the search of a purse held by an individual standing near the car. *See State v. Maloney*, 168 Idaho 936, 942, 489 P.3d 847 (2021). After a review of cases

8

from around the nation addressing this "narrow issue," the *Maloney* court explained that "the location of the container at the time probable cause arises is dispositive of whether the container is subject to the automobile exception." *Id.* at 942 (collecting cases). Because the Fourth Amendment requires "a container be within a vehicle at the time probable cause develops for the automobile exception to apply," the court held that the exception was inapplicable where the container was removed from the vehicle before probable cause was established. *Id.* at 943.

**{¶24}** We hold that the automobile exception did not justify the search of Lewis's purse, which was removed from the vehicle before officers developed probable cause to search the car. This holding is consistent with the narrow and well-defined automobile exception, which "extends no further than the automobile itself." *Collins v. Virginia*, ____U.S.____, 138 S.Ct. 1663, 1671, 201 L.Ed.2d 9 (2018).

**{¶25}** This holding is a narrow one. We are confident that this holding is consistent with law enforcement's interests in evidence gathering and prosecuting criminal activity. Our holding does not address the authority of police to search property that an individual tosses out of a car. *See State v. Martin*, 12th Dist. Warren No. CA2018-09-105, 2019-Ohio-2792, ¶ 15 ("An individual forfeits his expectation of privacy when he voluntarily abandons his property"), citing *State v. Gould*, 131 Ohio St.3d 179, 2012-Ohio-71, 963 N.E.2d 136, ¶ 37. And we are not addressing instances of sudden flight from a vehicle during a lawful stop. *See State v. Kates,* 169 Ohio App.3d 766, 2006-Ohio-6779, 865 N.E.2d 66 (10th Dist.) ("Fleeing from a police officer, who is lawfully attempting to detain a suspect under the authority of *Terry*, is an affirmative act that hinders or impedes the officer in performance of the officer's duties as a public official and is a violation of R.C. 2921.31.").

**{¶26}** Therefore, the trial court erred when it denied Lewis's motion to suppress. We sustain Lewis's first assignment of error.

**{¶27}** We note that the trial court merged Lewis's two possessing-a-fentanyl-related-compound counts and her second trafficking-in-a-fentanyl-related-compound count into her first trafficking count. Accordingly, she was never sentenced for those three merged counts, and we lack jurisdiction to consider them. However, all four counts relate to the substances recovered from the search of Lewis's purse and our reasoning in this appeal would apply to the three merged counts as well.

**{¶28}** In her second assignment of error, Lewis argues that her conviction is against the manifest weight of the evidence. In her third assignment of error, she challenges the trial court's response to jury questions. And finally, in her fourth assignment of error, Lewis argues that her sentence is contrary to law. These assignments of error are moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

### III. Conclusion

**{¶29}** We sustain Lewis's first assignment of error because the trial court erred when it denied her motion to suppress. We reverse Lewis's conviction and discharge her from further prosecution. Her remaining assignments of error are moot.

Judgment reversed and appellant discharged.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.