[Cite as *State v. Mitchell*, 2022-Ohio-2564.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210582 |
| | | TRIAL NO.  B-2101781 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| PORTER MITCHELL, | : | |
| Defendant-Appellee. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: July 27, 2022


*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Suhre & Associates, LLC*, and *Ryan Nelson*, for Defendant-Appellee.

**MYERS, Presiding Judge.**

**{¶1}** Defendant-appellee Porter Mitchell was arrested and charged with carrying a concealed weapon and improper handling of a firearm in a motor vehicle after police conducted a warrantless search of a vehicle during a traffic stop and recovered a loaded handgun from under the front passenger seat where Mitchell had been sitting. Mitchell filed a motion to suppress the physical evidence and statements obtained during the traffic stop, and the trial court granted the motion after a hearing. The state now appeals.

**{¶2}** Because the search of the vehicle was justified under the automobile exception to the warrant requirement, we hold that the trial court erred in granting the motion to suppress, and we reverse the judgment of the trial court.

### The Suppression Hearing

**{¶3}** At the suppression hearing, Madeira Police Officer Danny Spears testified that at about 10:30 p.m. on April 2, 2021, he saw a vehicle traveling in the dark with no headlights or taillights on, so he got behind the vehicle and initiated a traffic stop. He noticed that as the vehicle was coming to a stop, the front-seat passenger appeared to be "reaching down towards the floorboard or underneath his seat where he was at."

**{¶4}** Officer Spears walked to the driver's window and noted a very strong odor of marijuana coming from inside the vehicle. He asked for identification from the vehicle's three occupants. Mitchell was the front-seat passenger.

**{¶5}** The officer asked the occupants if there was anything illegal in the vehicle. The back-seat passenger acknowledged that there was marijuana inside the vehicle, and he handed the officer a "blunt" of marijuana, "[l]ike a marijuana cigar." In addition, Mitchell told the officer that he had a bong. The officer asked the occupants to get out of the vehicle, one at a time, because he was going to search the vehicle.

2

{¶6} The officer patted down each of the vehicle's three occupants before placing them in the rear of his police cruiser. No one was handcuffed. The back-seat passenger told the officer that he had some marijuana in his jacket, which was still in the stopped vehicle. And Mitchell told the officer that the bong was located on the floorboard of the vehicle.

{¶7} After the occupants were secured in the rear of the police cruiser, the officer began to search the stopped vehicle. The officer found a glass bong on the floorboard in front of the front passenger seat and a loaded handgun under the seat.

{¶8} After the driver and back-seat passenger were removed from the police cruiser, the officer advised Mitchell of his *Miranda* rights, and Mitchell admitted that the handgun and the bong belonged to him. Mitchell said that he intended to smoke marijuana from the bong. He said that he had recently obtained the handgun because he had had two other firearms that were stolen from a family member's house. Mitchell was arrested and charged with carrying a concealed weapon and with improper handling of a firearm in a motor vehicle.

{¶9} At the suppression hearing, defense counsel stipulated that the officer's stop of the vehicle was proper, but argued that the officer lacked probable cause to search the vehicle.

### The Trial Court's Decision

{¶10} The trial court took the matter under advisement and then granted the motion to suppress. In its oral comments explaining its decision, the court acknowledged that "if a police officer smells marijuana emanating from a car following a traffic stop, the officer may conduct both a warrantless search of the car and the occupants." But the court found that because Mitchell "freely admitted" to the officer that he had drug paraphernalia, "search for it was unnecessary." The court said, "At this point, no further reason existed to search Mr. Mitchell or the vehicle, and the officer needed probable cause or a reason that a crime was committed or would be

committed and that probable cause must be established before the search takes place."
The court granted Mitchell's motion to suppress.

### The Trial Court Erred by Granting the Motion to Suppress

{¶11}  In its sole assignment of error, the state argues that the trial court erred by granting Mitchell's motion to suppress evidence obtained during the search of the vehicle.  Appellate review of a motion to suppress evidence presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.  We must accept the trial court's factual findings if they are supported by competent, credible evidence, but we review de novo the trial court's application of the law to those facts.  *Id.*

{¶12}  The state argues that the trial court's determination that the officer lacked probable cause to search the vehicle was erroneous as a matter of law, given the court's findings that the officer smelled marijuana as he approached the vehicle, that the back-seat passenger handed a marijuana cigar to the officer, and that Mitchell volunteered that he had drug paraphernalia in the vehicle.

{¶13}  The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]"  In general, warrantless searches are per se unreasonable under the Fourth Amendment, subject to a few well-established exceptions.  *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).  Under the automobile exception to the warrant requirement, police may conduct a warrantless search of a lawfully stopped vehicle if they have probable cause to believe that the vehicle contains contraband.  *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *State v. Moore*, 90 Ohio St.3d 47, 51, 734 N.E.2d 804 (2000).

{¶14}  The Supreme Court of Ohio has held that the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a vehicle, pursuant to the automobile exception to the warrant requirement.

*Moore* at 48. "There need be no other tangible evidence to justify a warrantless search of a vehicle." *Id.*

{¶15} In this case, the smell of marijuana alone was sufficient to establish probable cause to search the vehicle pursuant to the automobile exception to the warrant requirement. *See id.* Although Mitchell points to the officer's testimony that he could not distinguish between the smell of burning marijuana and the smell of raw marijuana, the officer testified that he had been trained in detecting the odor of marijuana, and that he had seen marijuana and knew what it smelled like. In *Moore*, the Supreme Court of Ohio did not distinguish between unburned marijuana or burning marijuana, in holding only that the smell of marijuana is sufficient to establish probable cause to search. *Id.* In addition, the officer in this case had more than the smell of marijuana to establish probable cause to justify the search because Mitchell volunteered that he had a bong and the back-seat passenger handed the officer a marijuana cigar.

{¶16} Here, the trial court concluded that probable cause to search the vehicle based upon the odor of marijuana ceased to exist after Mitchell "freely admitted * * * that he had drug paraphernalia." On the contrary, however, Ohio courts have held that when a vehicle's occupant hands over drugs or contraband to a police officer during a traffic stop, the occupant also hands the officer probable cause to believe that the vehicle contains contraband. *State v. Donaldson*, 6th Dist. Wood No. WD-18-034, 2019-Ohio-232, ¶ 29 (rejecting appellant's argument that officers lose probable cause to search a vehicle from which an odor of marijuana is emanating upon an occupant's production of a small amount of marijuana); *State v. Malone*, 4th Dist. Lawrence No. 21CA9, 2022-Ohio-1409, ¶ 32 (officer's discovery of methamphetamine in defendant's wallet and defendant's admission of drug possession during a traffic stop provided probable cause to believe that the vehicle contained drug-related evidence); *State v. Conley*, 4th Dist. Adams No. 19CA1091, 2019-Ohio-4172, ¶ 22 (when the driver volunteered that he possessed methamphetamine, police had probable cause to search

the vehicle); *State v. Gartrell*, 2014-Ohio-5203, 24 N.E.3d 680, ¶ 72 (3d Dist.) (vehicle occupant's voluntary production of the marijuana on his person did not remove the probable cause to search the vehicle based upon the odor of raw marijuana, his production of marijuana, his possession of more than $1,700, and his apparent untruthfulness); *State v. Young*, 12th Dist. Warren No. CA2011-06-066, 2012-Ohio-3131, ¶ 32-33 (occupant's admission that he had marijuana in a jacket in the back seat gave officers probable cause to believe that the vehicle contained contraband).

{¶17}  In *State v. Maddox*, 2021-Ohio-586, 168 N.E.3d 613, ¶ 22 (10th Dist.), when police officers inquired about marijuana after detecting the odor of marijuana coming from a vehicle during a traffic stop, the appellant voluntarily surrendered a small amount of marijuana to the officers as he exited from the vehicle.  A search of the vehicle revealed a firearm, heroin, and cocaine.  *Maddox* at ¶ 6.

{¶18}  The Tenth District held that the odor of marijuana and the appellant's surrender of marijuana provided probable cause to search the vehicle.  *Id.* at ¶ 22.  The court rejected appellant's argument that police were required to stop their investigation and simply charge him with misdemeanor drug possession once he voluntarily surrendered his marijuana.  *Id.* at ¶ 23.  The court said, "To the contrary, when appellant voluntarily surrendered the marijuana, officers had probable cause to believe appellant's vehicle contained other evidence of a crime."  *Id.*  The court explained:

> Under the rule of law advocated by appellant, a vehicle operator might avoid a search of the vehicle for illegal drugs during a lawful traffic stop by voluntarily surrendering a small amount of an illegal substance to law enforcement.  Ohio law does not support such an absurd result.

*Id.*

{¶19}  In this case, neither Mitchell's informing the officer that he had a bong nor the back-seat occupant's voluntary production of a marijuana cigar preempted the officer from conducting a warrantless search of the vehicle pursuant to the automobile

exception to the warrant requirement based upon the officer's detection of the smell of marijuana. On the contrary, the smell of marijuana, Mitchell's admission of the possession of drug paraphernalia, and the other occupant's production of a small amount of marijuana provided probable cause to believe that the vehicle contained further contraband. Contrary to the trial court's determination, probable cause to search the vehicle based upon the smell of marijuana did not dissipate upon Mitchell's admission that he had a bong. Therefore, we hold that the trial court erred by granting Mitchell's motion to suppress.[1]

### *Conclusion*

{¶20} The smell of marijuana emanating from the stopped vehicle, Mitchell's admission that he possessed drug paraphernalia, and the back-seat passenger's voluntary production of a small amount of marijuana provided the police with probable cause to search the vehicle under the automobile exception to the warrant requirement. Therefore, the trial court erred by granting Mitchell's motion to suppress. We sustain the state's assignment of error, reverse the judgment of the trial court, and remand this case for further proceedings.

Judgment reversed and cause remanded.

**WINKLER** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

---

[1] Although not entirely clear from the trial court's statements, it seems that the court determined that an arrest occurred when the officer detained Mitchell in the cruiser and that the evidence obtained from the vehicle search resulted from an unlawful arrest of Mitchell for a minor misdemeanor But having found that the vehicle search was justified under the automobile exception to the warrant requirement, we need not address whether Mitchell was arrested or whether the search was a search incident to arrest.