[Cite as *State v. Dejournett*, 2026-Ohio-640.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31316 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| SCOTT L. DEJOURNETT | COUNTY OF SUMMIT, OHIO |
| | CASE No. CR-2024-04-1176 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: February 25, 2026

HENSAL, Judge.

{¶1} Scott Dejournett appeals an order that denied his motion to suppress and his conviction in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On March 23, 2024, an Akron police officer stopped Mr. Dejournett's vehicle for speeding. The officer noted the smell of burnt marijuana, although he did not see Mr. Dejournett using marijuana or any burnt marijuana itself. During the search, the officer found a weapon and a bag of unburnt marijuana but did not find any burnt marijuana. Mr. Dejournett was charged with having a weapon under disability with a forfeiture specification related to the weapon. He moved to suppress the evidence collected during the search, arguing that the police were not justified in searching his vehicle based on the odor of marijuana because "on the date of the traffic stop, recreational marijuana was legal in the State of Ohio." The trial court denied the motion to suppress.

**{¶3}** Mr. Dejournett changed his plea to no contest, and the trial court found him guilty. The trial court sentenced him to eighteen months of community control and ordered forfeiture of the weapon. As a condition of his community control, the trial court ordered Mr. Dejournett, who possessed a medical marijuana card, "not [to] consume any illegal drugs or chemicals, including any alcoholic beverages." During the sentencing hearing, the trial court told Mr. Dejournett "You cannot use drugs or alcohol. You will be tested for that randomly." When Mr. Dejournett brought his medical marijuana card to the trial court's attention, the trial court explained that its practice was not to permit the use of medical marijuana for anyone during community control. Mr. Dejournett appealed, assigning two errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN DENYING DEJOURNETT'S SUPPRESSION MOTION.

**{¶4}** In his first assignment of error, Mr. Dejournett has argued that because marijuana is no longer contraband in the State of Ohio, the trial court erred by denying his motion to dismiss. This Court does not agree.

**{¶5}** This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. "At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id.* In other words, this Court accepts the trial court's findings of fact as true and "must then independently determine, without deference to the

conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist. 1997).

{¶6} Under the Fourth Amendment, warrantless searches are "per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). It is well established that "[i]f a car is readily mobile and probable cause exists to believe it contains contraband," the Fourth Amendment permits a warrantless search. *Maryland v. Dyson*, 527 U.S. 465, 467 (1999). Probable cause is "a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction . . . ." *Carroll v. United States*, 267 U.S. 132, 149 (1925). Because the violation of a traffic ordinance, standing alone, does not justify an automobile search, "[t]he police must have '"probable cause" to believe that they will find the instrumentality of a crime or evidence pertaining to a crime before they begin their warrantless search.'" *State v. Kessler*, 53 Ohio St.2d 204, 208 (1978), quoting *Dyke v. Taylor Implement Mfg. Co.*, 391 U.S. 216, 221 (1968) .

{¶7} In *State v. Moore*, 90 Ohio St.3d 47 (2000), the Supreme Court of Ohio considered whether an odor of marijuana, standing alone, was sufficient to justify the warrantless search of an automobile. In that case, the defendant recognized that the presence of an odor was relevant factor in determining whether probable cause exists, but the defendant maintained "that because of the ephemeral and transient nature of odors, odor alone is insufficient to justify a search." *Id*. at 50. Consequently, the defendant took the position that "other tangible evidence of drug use" was required. *Id*. The Court rejected this position, noting that "[c]ourts already acknowledge the use of a person's senses – sight, touch, hearing – to identify contraband." *Id*. at 51. Instead, the Court wrote:

> We see no reason to afford less weight to one's use of the sense of smell than to other senses when looking to probabilities. . . . The use of one's sense of smell is no less reliable than other senses upon which we rely. A familiar or distinctive odor, such as freshly cut grass, a bouquet of flowers, a hot apple pie, or the scent of perfume, evokes a vivid and accurate image in our minds. We draw factual conclusions about our surroundings from the use of our sense of smell. Consequently, we agree . . . that a law enforcement officer, who is trained and experienced in the detection of marijuana, should not be prohibited from relying on his or her sense of smell to justify probable cause to conduct a search for marijuana.

*Id.* On this basis, the Court concluded that the officer who stopped the defendant was justified in conducting a search based on the odor of burnt marijuana because he had probable cause to believe that the defendant had been smoking marijuana. *Id*. at 52.

{¶8} Mr. Dejournett maintains that the trial court erred by relying on *Moore* because marijuana is no longer contraband in the State of Ohio. In Ohio, however, it is illegal to smoke marijuana in a vehicle. R.C. 3780.36(D)(2). In this case, the parties stipulated that the officer identified the odor of burnt marijuana when he approached Mr. Dejournett in his vehicle during a traffic stop. They also agreed that the officer was trained in drug detection. Mr. Dejournett's attempt to frame this incident as one solely related to possession of marijuana or driving under the influence misrepresents the record. Although the parties agreed that the officer did not see Mr. Dejournett using marijuana or discarding marijuana at the time of the stop, the State did not "concede[] they had no reason to suspect [he] was using marijuana at all."

{¶9} Under these circumstances, we cannot conclude that the trial court erred by determining that the officer had probable cause to search Mr. Dejournett's vehicle based solely on the odor of burnt marijuana. The trial court, therefore, did not err by denying his motion to suppress, and Mr. Dejournett's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN IMPOSING DRUG- AND ALCOHOL-BASED COMMUNITY-CONTROL CONDITIONS.

{¶10} Mr. Dejournett's second assignment of error argues that the trial court erred by imposing community control conditions that were not reasonably related to his conviction for having a weapon under disability. This Court does not agree.

{¶11} As an initial matter, the State has argued that Mr. Dejournett cannot challenge his community-control conditions pursuant to Revised Code Section 2953.08(D)(1), which "precludes appellate review under R.C. 2953.08 when the sentence is authorized by law, has been recommended jointly by the parties, and is imposed by the sentencing judge." *State v. Grievous*, 2022-Ohio-4361, ¶ 32. This is because "[i]n that situation, appellate review under R.C. 2953.08 is unnecessary because the parties have agreed that the sentence is appropriate and the trial court accordingly has elected not to exercise its broad discretion in determining the sentence." *Id.* When an agreed sentence includes community control, however, a defendant can appeal community-control conditions that are imposed in the trial court's discretion. *See, e.g.*, *State v. Wiley*, 2024-Ohio-5159, ¶ 18 (11th Dist.); *State v. Barnett*, 2022-Ohio-4558, ¶ 15 (3d Dist.); *State v Stanaford*, 2022-Ohio-4462, ¶ 8 (11th Dist.).

{¶12} Conditions of community control fall generally into two categories. Some are "not necessarily intrinsic to community control but are tailored to the rehabilitation of the offender." *State v. Chapman*, 2020-Ohio-6730, ¶ 18. Other conditions are "inherent in being supervised while allowed to remain in the community[,]" such as "restrictions on travel, limitations on association, restrictions on firearms ownership, being subject to warrantless searches, and the like." *Id.* at ¶ 18. Section 2929.15(A)(1) explains, for example that an offender who receives a nonresidential community control sanction "must abide by the law . . . ." Refraining from the use of illegal drugs is inherent in that requirement. *See State v. White,* 2015-Ohio-3844, ¶ 9 (10th Dist.).

6

**{¶13}** The trial court's sentencing entry, dated November 13, 2024, ordered Mr. Dejournett to refrain from the use of "any illegal drugs . . . ." On that date, recreational use of marijuana had been legal in Ohio for almost one year. *See* R.C. 3780.36. Nonetheless, marijuana remains a Schedule I controlled substance under federal law. 21 U.S.C. § 812(c)(I)(c)(10).[1] The trial court informed Mr. Dejournett that he could provide his medical marijuana card to the adult probation department, but the record does not demonstrate that he did so, and the trial court's judgment only reflects its prohibition of "any illegal drugs . . . ." This prohibition is inherent in the nature of community control and consistent with Section 2929.15(A)(1). *See Chapman* at ¶ 18. Consequently, the trial court did not abuse its discretion by imposing this community-control condition. Mr. Dejournett's second assignment of error is overruled.

### III.

**{¶14}** Mr. Dejournett's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

---

[1] On December 18, 2025, the President of the United States issued an executive order directing the Attorney General to "take all necessary steps to complete the rulemaking process related to rescheduling marijuana to Schedule III of the CSA in the most expeditious manner in accordance with Federal law, including 21 U.S.C. 811." *Increasing Medical Research and Cannabidiol Research* (Dec. 18, 2025), https://www.whitehouse.gov/presidential-actions/2025/12/increasing-medical-marijuana-and-cannabidiol-research/ (accessed Jan. 23, 2026). That process has not yet been completed.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

JENNIFER HENSAL
FOR THE COURT

 

SUTTON, J.
CONCURS.

FLAGG LANZINGER, P. J.
DISSENTING.

{¶15} I respectfully dissent from the majority opinion. The majority rejects Dejournett's argument that probable cause did not exist to search his vehicle because marijuana is no longer contraband in Ohio. In doing so, the majority explains that it remains illegal to smoke marijuana in a vehicle. R.C. 3780.36(D)(2). Yet the parties stipulated at the suppression hearing that: (1) the officer did not observe Dejournett using marijuana at the time the officer pulled him over; and (2) the officer did not observe any indicators of marijuana use, such as bloodshot eyes, and did not perform any field sobriety tests. The parties also stipulated that the issue before the court was

"whether the officer had probable cause to search the vehicle solely on the odor of marijuana." For the following reasons, I would hold that the officer did not have probable cause to search the vehicle based solely on the odor of marijuana.

{¶16} In 2000, the Ohio Supreme Court in *State v. Moore* held that "[t]he smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." 90 Ohio St.3d 47 (2000), syllabus. At the time of the *Moore* decision, marijuana remained illegal in Ohio. *See id.* at 51.

{¶17} The Ohio General Assembly legalized medical marijuana in 2016 and hemp in 2019. *See* 2016 Sub.H.B. No. 523; 2019 Am. Sub.S.B. No. 57. After the legalization of medical marijuana and hemp, courts continued to follow *Moore* on the basis that some forms of marijuana remained illegal. *State v. Wright*, 2024-Ohio-1763, ¶ 23 (1st Dist.) (collecting cases). As of December 7, 2023, recreational marijuana is now legal in Ohio for adults aged 21 and older, with certain exceptions. R.C. 3780.36; R.C. 3780.01 (defining "Adult use consumer" as an "individual who is at least twenty-one years of age"). It remains illegal to operate a vehicle while under the influence of marijuana and to consume marijuana while in a vehicle. R.C. 3780.36(D)(1) and (D)(2).

{¶18} Here, the parties stipulated that the officer's sole basis for searching Dejournett's vehicle was the officer's detection of the odor of burnt marijuana. Thus, the parties asked the trial court to decide a purely legal issue, that is, whether the odor of burnt marijuana, standing alone, established probable cause for the officer to search Dejournett's vehicle. The trial court found that it did, relying on the Ohio Supreme Court's precedent in *Moore*. Applying a de novo standard of review, I disagree. *State v. Booth*, 2003-Ohio-829, ¶ 12 (9th Dist.) (regarding the standard of review).

**{¶19}** At the time of the underlying offense (i.e., March 23, 2024), Ohio had legalized recreational marijuana, subject to certain exceptions. As of the issuance of this decision, the Ohio Supreme Court has not considered whether *Moore* remains controlling law in light of the legalization of recreational marijuana. Recently, the First District held that the smell of marijuana, standing alone, does not establish probable cause to search a vehicle under the automobile exception to the warrant requirement. *State v. Gray*, 2025-Ohio-4607, ¶ 1-2 (1st Dist.). In doing so, the First District reasoned that "the smell of marijuana is no longer automatically indicative of criminal activity, as it was at the time that *Moore* [was] decided." *Id.* at ¶ 61. That case, like here, "contain[ed] no additional evidence that would support a finding of probable cause under the totality of the circumstances[,]" such as signs of impairment or smoke emanating from the vehicle. *Gray* at ¶ 63.

**{¶20}** Additionally, other appellate courts have acknowledged that the legalization of recreational marijuana may affect the precedential value of *Moore*. *See, e.g.*, *State v. Tomlin*, 2024-Ohio-4710, ¶ 25 (2d Dist.) ("Because non-medical marijuana was still illegal in Ohio at the time of the traffic stop in this case, we need not address whether the legalization of marijuana has invalidated the aforementioned principle in *Moore*."). Moreover, "[i]n other jurisdictions where some forms of marijuana or hemp are legal, courts have held that the smell of marijuana—or an alert from a dog trained to detect marijuana—alone is insufficient to establish probable cause." *Wright*, 2024-Ohio-1763, at ¶ 24 (1st Dist.) (citing cases from Colorado, Pennsylvania, Minnesota, Illinois, Michigan, and Maryland); *see Gray* at ¶ 52-61 (citing cases from Michigan, Colorado, and Illinois).

**{¶21}** In light of the legalization of recreational marijuana for adults aged 21 and older, I would conclude that the odor of marijuana alone is no longer sufficient to establish probable cause

to conduct a warrantless search of a vehicle for offenses committed on or after December 7, 2023. *Gray*, 2025-Ohio-4607, at ¶ 61 (1st Dist.). I see no reason to treat marijuana differently than alcohol, which is also legal, subject to certain exceptions. *See State v. Duch*, 2025-Ohio-1162, ¶ 27 (5th Dist.) ("We see no reason why the odor of burnt marijuana should not be subject to the same analysis as the odor of alcohol."). The odor of alcohol alone does not establish probable cause to justify the warrantless search of a vehicle. *See State v. Richards*, 2016-Ohio-3518, ¶ 29 (1st Dist.) ("A minor traffic violation coupled with the odor of alcohol alone is insufficient to establish probable cause [to arrest]."). It follows that the odor of burnt marijuana alone no longer establishes probable cause to justify the warrantless search of a vehicle. *See Gray* at ¶ 61. Because that was the sole basis for the officer's probable cause determination in this case, the State failed to meet its burden of establishing that the officer had probable cause to search Dejournett's vehicle. *See City of Xenia v. Wallace*, 37 Ohio St.3d 216 (1988), paragraph two of the syllabus (regarding the State's burden). As a result, I would hold that the trial court erred by denying Dejournett's motion to suppress.

{¶22} In reaching this conclusion, I am mindful of this Court's position as an intermediate court of appeals and our duty to follow the precedent of the Ohio Supreme Court. *State v. Anderson*, 2018-Ohio-342, ¶ 9 (9th Dist.) ("As an intermediate court of appeals, we are bound by the Ohio Supreme Court's precedent."). Yet I cannot ignore the premise upon which the Ohio Supreme Court decided *Moore* (i.e., that marijuana was illegal), nor the implications of the legalization of recreational marijuana in December 2023. *See Gray* at ¶ 61. Accordingly, I would sustain Dejournett's first assignment of error. I would then overrule Dejournett's second assignment of error on the basis that it is moot. *See* App.R. 12(A)(1)(c). For these reasons, I respectfully dissent.

APPEARANCES:

JOSEPH SHELL, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.