[Cite as *State v. Tucker*, 2026-Ohio-1045.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                    :

    Plaintiff-Appellant,                    :

                                    No. 115308

    v.                                           :

RAYMOND TUCKER,                            :

    Defendant-Appellee.                   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 26, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-698477-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellee.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Plaintiff-appellant the State of Ohio appeals from the trial court's judgment granting the motion to suppress of defendant-appellee Raymond Tucker. After review, we affirm.

**Procedural and Factual Background**

{¶ 2} In January 2025, Tucker was indicted on four weapons-related charges. The charges resulted after a gun was recovered by the police in a vehicle driven by Tucker during a January 8, 2025 traffic stop and search of the vehicle in Parma, Ohio. Tucker filed a motion to suppress, contending that the police lacked probable cause for the search. The trial court held a hearing on the suppression motion.

{¶ 3} The sole witness at the suppression hearing was Officer Michael Strange; he effectuated the traffic stop based on Tucker making an improper turn. The stop was not contested at the trial-court level and is not contested now on appeal.

{¶ 4} Officer Strange testified that when he approached Tucker's vehicle to speak with him he smelled a "strong odor" of burnt marijuana. (Tr. 14). Tucker was the only occupant of the vehicle. The officer told Tucker that, although marijuana is now legal in Ohio, it is not legal to smoke it in a vehicle. Officer Strange testified that Tucker said, "'I know,' or indicated that he was smoking marijuana in the vehicle at some point." (Tr. 15).

{¶ 5} Officer Strange testified that, in plain view, there was a burnt marijuana cigar on top of a portable ash tray. The officer asked Tucker for the marijuana cigar, and Tucker gave it to him. Officer Strange went back to his police cruiser with the marijuana and called for back-up assistance.

{¶ 6} When a back-up officer arrived, Officer Strange requested that he do a probable cause search to determine if there was any additional burnt marijuana in

Tucker's car. The back-up officer located the gun under the driver's seat during the search.

{¶ 7} Officer Strange testified that it is legal for an adult to possess up to two and one-half ounces of marijuana and that it can be transported in a vehicle in any form. The officer testified that he had no reason to believe that Tucker had more than two and one-half ounces of marijuana in his car. The only law Tucker violated according to Officer Strange was smoking the marijuana in the car, for which Officer Strange issued a ticket. Officer Strange also testified that Tucker did not appear impaired to him.

{¶ 8} Officer Strange was wearing a body camera during the stop and a video of it was admitted into evidence.

{¶ 9} At the conclusion of the hearing, the trial court took the matter under advisement. In a July 11, 2025 judgment, the trial court granted Tucker's motion to suppress. The State now appeals, raising the following sole assignment of error for our review: "The trial court erred when it granted Tucker's motion to suppress because there was probable cause to believe that Tucker was using marijuana in his vehicle."

**Law and Analysis**

{¶ 10} The Fourth and Fourteenth Amendments to the United States Constitution prohibit warrantless searches and seizures. Warrantless searches are per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S.

347, 357 (1967). Evidence obtained from an unreasonable search or seizure must be suppressed. *Mapp v. Ohio*, 367 U.S. 643, 651 (1961).

{¶ 11} This court reviews a trial court's ruling on a motion to suppress under a mixed standard of review. "In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility." *State v. Curry*, 95 Ohio App.3d 93, 96 (8th Dist. 1994). The reviewing court must accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. Regarding the trial court's conclusions of law, the reviewing court applies a de novo standard of review and decides whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist. 1997).

{¶ 12} Historically, in Ohio the law has been that "'the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement.'" *State v. Vega*, 2018-Ohio-4002, ¶ 15, quoting *State v. Moore*, 2000-Ohio-10, ¶ 1. Under the automobile exception to the warrant requirement, officers "may conduct a warrantless search of a lawfully stopped vehicle if they have probable cause to believe that the vehicle contains contraband." *State v. Mitchell*, 2022-Ohio-2564, ¶ 13 (1st Dist.). Probable cause will be found where "a reasonably prudent person would believe that a fair probability exists that the place to be searched contains evidence of a crime." *State v. Lang*, 2023-Ohio-2026, ¶ 12

(1st Dist.).  The *Moore* Court reasoned that the distinctive odor of marijuana provided reasonable grounds for an officer to conclude that one was guilty of drug-related criminal offenses.  *Id*. at ¶ 14.

{¶ 13} However, in December 2023, Ohio legalized the use of marijuana. *See* R.C. Ch. 3780.  Thus, at the time of the 2025 stop at issue, marijuana was legal in Ohio.  In light of the legalization of marijuana it has been held that "the smell of marijuana, standing alone, is no longer sufficient to establish probable cause to search a motor vehicle under the automobile exception to the warrant requirement." *State v. Gray*, 2025-Ohio-4607, ¶ 61 (1st Dist.).

{¶ 14} Although "[i]t is just as likely that the odor of marijuana is indicative of legal activities as it is indicative of illegal ones[,]" "[i]f the smell of marijuana was coupled with another factor or factors, such as smoke emanating from the vehicle, impaired driving, or other signs of impairment, it is more likely that an officer would have probable cause to search a vehicle under the automobile exception to the warrant requirement."  *Id*. at ¶ 61, 62.

{¶ 15} The legislation legalizing marijuana in Ohio does prohibit several marijuana-related activities.  Relative to this appeal, R.C. 3780.36(D) sets forth restrictions on the use of marijuana in motor vehicles.  The sections reads as follows:

> (1) An individual is prohibited from operating a vehicle, motor vehicle, streetcar, trackless trolley, bike, watercraft, or aircraft while using adult use cannabis or while under the influence of adult use cannabis and is subject to section 4511.19 of the Revised Code for any violation of this division.

(2) An individual is prohibited from smoking, vaporizing, or using any other combustible adult use cannabis product while in a vehicle, motor vehicle, streetcar, trackless trolley, bike, watercraft, or aircraft and is subject to section 4511.19 of the Revised Code for any violation of this division.

R.C. 3780.36(D)(1) and (2).[1]

{¶ 16} Here, Tucker admitted that he had smoked the marijuana cigar in the car and the Officer Strange issued a citation to Tucker for the same. There was no additional indication that Tucker had committed any other crime. For example, Officer Strange testified that he had no reason to believe that Tucker had more than two and one-half ounces of marijuana in his car. Further, Tucker did not appear impaired to the officer. Thus, after issuing the citation, Officer Strange's encounter with Tucker should have ended.

{¶ 17} In addition to our finding that the search was impermissible, we also question the legality of the citation Officer Strange issued to Tucker. R.C. 3780.36(D)(1) and (2) provide that a violation of either subsection is subject to R.C. 4511.19. Parma Cod.Ord. 620(d)(1) and (2) track the language of R.C. 3780.36(D)(1) and (2) and add that in addition to being subject to R.C. 4511.19 the ordinance is subject to "a substantially equivalent municipal ordinance for any violation of this division."

---

[1] In December 2025, the Ohio General Assembly passed 2025 Am.Sub.S.B. No. 56, which went into effect on March 20, 2026. Under the new legislation, anyone transporting an open container of marijuana product or marijuana paraphernalia in a motor vehicle must do so in its trunk, or if there is no trunk, behind the last upright seat of the vehicle or in an area not normally occupied by the driver.

{¶ 18} R.C. 4511.19 is the OVI statute. It provides penalties for *driving under the influence* of alcohol, drugs, or both. It does not reference R.C. Ch. 3780, nor does it provide a penalty for having and/or smoking marijuana. And in any event, Officer Strange testified that Tucker did not appear to be under the influence.

{¶ 19} Rather, R.C. 3780.99 sets forth the penalties for violations of R.C. Ch. 3780 and provides in relevant part that "an adult use consumer who uses adult use cannabis in public areas, or who violates division (D)(2) of section 3780.36 of the Revised Code *as a passenger*, is guilty of a minor misdemeanor." (Emphasis added.) R.C. 3780.99(B). The section does not set forth a penalty for a driver who uses marijuana in a vehicle.

{¶ 20} Similarly, Parma Cod.Ord. 620(h)(2) states that "[e]xcept as otherwise provided in R.C. Chapter 3780, an adult use consumer who uses adult use cannabis in public areas, or who violates division (d)(2) of this section *as a passenger*, is guilty of a minor misdemeanor." (Emphasis added.)

{¶ 21} On this record, the trial court did not err by granting Tucker's motion to suppress. The State's sole assignment of error is not well taken.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EMANUELLA D. GROVES, P.J., CONCURS;
TIMOTHY W. CLARY, J., DISSENTS (WITH SEPARATE OPINION)


TIMOTHY W. CLARY, J., DISSENTING:

{¶ 23} I respectfully dissent from the majority opinion. While I agree with the majority that the odor of marijuana, alone, does not establish probable cause to conduct a warrantless search of a motor vehicle pursuant to the automobile exception, the totality of the circumstances amounted to probable cause to search Tucker's vehicle. And, based upon Ohio's new legislation, R.C. 3780.36, which legalized the use of marijuana in certain circumstances, and the differing conclusions reached by our sister courts on similar topics, this issue is best resolved by the Ohio Supreme Court. *Compare Gray*, 2025-Ohio-4606 (1st Dist.) (The court found the smell of marijuana is no longer sufficient to establish probable cause for a warrantless automobile search.), *with State v. Dejournett*, 2026-Ohio-640 (9th Dist.) (The court determined that the officer had probable cause to search Dejournett's vehicle based solely on the odor of burnt marijuana.).

{¶ 24} For these reasons, I respectfully dissent.