[Cite as *State v. Lewis*, 2026-Ohio-1382.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellant,          :

                                No. 115526

    v.                             :

MARLON LEWIS,                     :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 16, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-701261-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah Hutnik, Assistant Prosecuting Attorney, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellee*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Appellant State of Ohio appeals the judgment of the trial court granting appellee Marlon Lewis's ("Lewis") motion to suppress and holding that there was no probable cause to justify the search of Lewis's vehicle.

{¶ 2} After a thorough review of the applicable law and facts, we agree with the trial court that probable cause did not exist to support the search of Lewis's vehicle, and the motion to suppress was therefore properly granted. We overrule the sole assignment of error and affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 3} In March 2025, Sergeant Luke Petrie ("Sgt. Petrie") of the North Olmsted Police Department was on routine patrol when he observed Lewis roll through a stop light and fail to use his turn signal when turning eastbound. (Tr. 6 and 16.) When Sgt. Petrie was driving behind Lewis, he could smell the odor of burnt marijuana. (Tr. 7.)

{¶ 4} Sgt. Petrie initiated a traffic stop. As he approached Lewis's vehicle, he detected a strong odor of burnt marijuana from inside the car. (Tr. 7 and 9.) Sgt. Petrie asked Lewis if he had any marijuana, firearms, or anything illegal in the vehicle. (State's exhibit No. 1.) Lewis denied possessing any such items. (*Id.*) Lewis admitted that he had smoked marijuana in his vehicle earlier that day. (*Id.*; tr. 10.)

{¶ 5} Sgt. Petrie ordered Lewis to step out of his vehicle and patted him down. (State's exhibit No. 1.) He asked Lewis for consent to search his vehicle, but Lewis declined. (*Id.*) Sgt. Petrie told Lewis that because there was burnt marijuana in the vehicle, he had probable cause to search in Lewis's immediate area of the vehicle. (*Id.*)

{¶ 6} During the search, Sgt. Petrie recovered several smoked marijuana blunts in the center console. (Tr. 12.) He also found a bag containing smoking

wrappers, odor-masking spray, and a loaded firearm in a holster. (*Id.*; State's exhibit No. 1.)

{¶ 7} Lewis was indicted on one count of having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2); one count of improperly handling firearms in a motor vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B); and one count of carrying a concealed weapon, a felony of the fourth degree, in violation of R.C. 2923.12(A)(2).

{¶ 8} Lewis filed a motion to suppress, arguing that the police lacked probable cause to search his vehicle. He asserted that the marijuana was legally possessed and therefore did not constitute contraband. He sought to suppress all of the evidence obtained from the search conducted of his vehicle, which included the firearm that had been inside a bag in the vehicle.

{¶ 9} The State filed a brief in opposition, maintaining that the traffic stop was proper and that police were authorized to investigate certain offenses involving marijuana, even if recreational use was legal. The State asserted that the odor observed by Sgt. Petrie indicated recent use of marijuana and that it was illegal to smoke marijuana in a vehicle.

{¶ 10} The trial court held a hearing on the motion where the State presented the testimony of Sgt. Petrie and offered video from his body camera as an exhibit. The sergeant described his initial interaction with Lewis and said that he had "wanted to talk to see if he was possibly under the influence, just his mannerisms. I also look at someone's eyes when talking to them seeing if they're glassy, bloodshot."

(Tr. 9.) Sgt. Petrie testified that Lewis admitted to smoking marijuana in his vehicle earlier that day while working on his vehicle. (Tr. 10 and 26.) He stated that, after further questioning about the burnt marijuana odor, Lewis conceded that there were used marijuana blunts in the center console. (Tr. 11.)

{¶ 11} Sgt. Petrie had his backup officer stay with Lewis while the sergeant checked the immediate area of the vehicle — specifically, "[w]here he can reach, which would be the front seat, passenger seat, and reach behind him easily." (Tr. 12.) During the search, Sgt. Petrie found "a lot of used marijuana blunts." (*Id.*) Sgt. Petrie also looked in a bag that was on the front passenger seat. Inside he found "wrappings from more smoking," deodorizer spray, and a firearm. (*Id.*)

{¶ 12} On cross-examination, Sgt. Petrie acknowledged that he did not conduct a field-sobriety test during the stop. He conceded that he had made the decision to search the vehicle because of the smell of burnt marijuana. (Tr. 20.) With regard to the bag on the front passenger seat, Sgt. Petrie described it as "slightly open" but that he did not recall anything being visible before he opened the bag. (*Id.*) He further admitted that there was "nothing lit . . . within the bag itself. . . ." (Tr. 21.) He explained that he searched Lewis's car because "burnt marijuana in the vehicle is illegal." (Tr. 22.)

{¶ 13} Sgt. Petrie subsequently admitted that burnt marijuana in a vehicle was not "per se illegal anymore" and that an individual would be allowed to smoke marijuana at home while sitting in his or her driveway while working on a vehicle. (*Id.*) He acknowledged that operating a vehicle while under the influence ("OVI")

was illegal but admitted that there was no indication of an OVI during his stop of Lewis. (*Id.*)

{¶ 14} On redirect examination, Sgt. Petrie agreed that he believed that Lewis could have been under the influence and that that was the reason he searched Lewis's vehicle. (Tr. 27.) The court inquired of Sgt. Petrie why he did not conduct a field-sobriety test. Sgt. Petrie stated that he was "more worried about the marijuana in the vehicle and the fact that he was smoking and driving and I just did not do one." (Tr. 29.)

{¶ 15} The State then conducted further redirect examination of Sgt. Petrie and asked if he had a belief that Lewis could have been intoxicated. (Tr. 32.) Sgt. Petrie responded affirmatively. (*Id.*) When asked if that was the reason for the stop, the sergeant said, "From his driving, yes, I believe that he was under the – possibly under the influence of something." (*Id.*) He acknowledged that the smell of burnt marijuana and Lewis's admission that he had smoked marijuana earlier that day contributed to his suspicion. (*Id.*)

{¶ 16} The court then asked Sgt. Petrie if he became more comfortable that Lewis was "not an OVI" after interacting and spending more time with him. Sgt. Petrie responded that yes, he had felt comfortable for Lewis "to drive off." (Tr. 33.)

{¶ 17} Following Sgt. Petrie's testimony, the State argued that probable cause existed to search Lewis's vehicle from (1) Lewis's traffic violations, (2) the smell of burnt marijuana, (3) Lewis's admission that he had smoked marijuana in his vehicle earlier, and (4) Lewis's denial that there was marijuana in the vehicle.

{¶ 18} At the conclusion of the hearing, the trial court granted the motion to suppress, finding that there was no probable cause to search Lewis's vehicle. The court noted Sgt. Petrie's belief that Lewis might have been under the influence was reduced over the time of the stop, and he did not conduct field sobriety tests. (Tr. 39.) The court stated that it appeared that Sgt. Petrie was searching to locate marijuana and not to find evidence of insobriety. (Tr. 39.) Ultimately, the court found: "[I]f [Sgt. Petrie did not] believe there's even enough probable cause to have [Lewis] participate in the field sobriety test, it's hard to think that we ought to believe there's enough for him to give up his privacy rights." (Tr. 40.)

{¶ 19} All evidence obtained from the search was suppressed, and the State filed the instant appeal.

## II. Law and Analysis

{¶ 20} The State argues that the trial court erred in granting Lewis's motion to suppress and finding that there was no probable cause for the search. The State contends that it is still the law of Ohio under *State v. Moore,* 90 Ohio St.3d 47 (2000), that the odor of burnt marijuana alone is sufficient to constitute probable cause of a violation of the Ohio Revised Code. Here, the State maintains that the violation was of former R.C. 3780.36(D)(2), in effect at the time of the offense, which prohibits smoking marijuana in a vehicle.

{¶ 21} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the

best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19 (1982). Accepting these facts as true, we must then "independently determine as a matter of law, without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist. 1997). "However, we review de novo the application of the law to these facts." *State v. Belton*, 2016-Ohio-1581, ¶ 100, citing *Burnside* at ¶ 8.

{¶ 22} The material facts are not in dispute in this matter. The sole question before us is whether the facts presented at the suppression hearing satisfy the applicable legal standard for the search of Lewis's vehicle. The State bears the burden of establishing the validity of a warrantless search. *Lakewood v. Shelton*, 2011-Ohio-4408, ¶ 13 (8th Dist.), citing *Xenia v. Wallace,* 37 Ohio St.3d 216, 218 (1988).

{¶ 23} The automobile exception to the Fourth Amendment permits the warrantless search of an operational vehicle where the officers have probable cause to believe that the vehicle contains evidence of a crime. *State v. Stewart*, 2020-Ohio-2720, ¶ 8 (8th Dist.), citing *United States v. Tamari*, 454 F.3d 1259, 1264 (11th Cir. 2006), citing *Maryland v. Dyson*, 527 U.S. 465, 466 (1999), and *United States v. Magluta*, 418 F.3d 1166, 1182 (11th Cir. 2005). There is probable cause to search a vehicle if, under the totality of the circumstances, "'there is a fair probability that

contraband or evidence of a crime will be found' in a vehicle." *Tamari*, citing *United States v. Goddard*, 312 F.3d 1360, 1363 (11th Cir. 2002).

{¶ 24} The State asks us to follow *Moore*, which held that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement." *Moore*, 90 Ohio St.3d at 48. However, at the time of Lewis's traffic stop, recreational marijuana had been legalized in Ohio, rendering marijuana not necessarily contraband. Consequently, "the smell of marijuana [was] no longer automatically indicative of criminal activity, as it was at the time that *Moore* [was] decided." *State v. Gray*, 2025-Ohio-4607, ¶ 61 (1st Dist.).

{¶ 25} As of December 7, 2023, Ohio law allows the cultivation, possession, and use of certain quantities of marijuana for recreational purposes.[1] Under R.C. 3780.36(A), an adult is permitted to use, possess, transfer, transport, and purchase cannabis. The amount of cannabis that can be possessed, transferred, or transported was limited in former R.C. 3780.36(B).

{¶ 26} Nevertheless, there are still restrictions on some activities where marijuana may be involved. Pertinent to this matter, former R.C. 3780.36(D) prohibited operating a vehicle while using and smoking marijuana while in a vehicle:

> (1) An individual is prohibited from operating a vehicle, motor vehicle, streetcar, trackless trolley, bike, watercraft, or aircraft while using adult use cannabis or while under the influence of adult use cannabis and is

---

[1] On March 20, 2026, Am. Sub. S.B. 56 went into effect, which maintained the legalization of recreational-use marijuana but imposed new guidelines and restrictions.

subject to section 4511.19 of the Revised Code for any violation of this division.

(2) An individual is prohibited from smoking, vaporizing, or using any other combustible adult use cannabis product while in a vehicle, motor vehicle, streetcar, trackless trolley, bike, watercraft, or aircraft and is subject to section 4511.19 of the Revised Code for any violation of this division.

{¶ 27} There has been minimal case law since the legalization of recreational-use marijuana in Ohio as to whether the odor of marijuana alone can still support probable cause for the search of a vehicle, but we will discuss the approaches of several other Ohio appellate districts.

{¶ 28} The Fifth District and the First District have declined to continue to follow *Moore*. In *State v. Duch*, 2025-Ohio-1162 (5th Dist.), the Fifth District analyzed the odor of burnt marijuana as probable cause to conduct field-sobriety tests. The court compared a traffic stop where the odor of alcohol is present along with other indicia of intoxication.

> We see no reason why the odor of burnt marijuana should not be subject to the same analysis as the odor of alcohol. *State v. Gray*, 2024-Ohio-347, ¶ 20 (5th Dist.). However, we wish to emphasize that on December 7, 2023, the use of recreational marijuana became legal in Ohio. *See, e.g.,* [former] R.C. 3780.29 (Home Grow); [former] R.C. 3780.36 (Limitations on Conduct by Individuals). Therefore, the odor of burnt or raw marijuana alone, would not be sufficient to provide a reasonable suspicion to expand the scope of the initial traffic stop in order to conduct field sobriety tests.

*Id*. at ¶ 27. In *Duch*, the defendant had red, bloodshot eyes, the officer smelled the odor of marijuana, and the defendant admitted that he had smoked marijuana in his vehicle earlier that day. *Id*. at ¶ 28. The *Duch* Court determined that, under the

totality of the circumstances, the officer had a reasonable suspicion that Duch was driving under the influence and therefore the traffic stop could be extended to conduct field-sobriety tests.

{¶ 29} In *State v. Gray*, 2025-Ohio-4607 (1st Dist.), the First District noted that the Ohio Supreme Court had not yet spoken on the issue and conducted a very thorough analysis of applicable law, including case law from other states that had legalized marijuana. The *Gray* Court explained that Michigan, Colorado, and Illinois have all determined that the smell of marijuana standing alone could no longer support probable cause but could be considered as a factor when examining the totality of the circumstances. *Id.* at ¶ 53-60.

{¶ 30} The *Gray* Court came to the same conclusion:

[T]he odor of marijuana remains a relevant factor under the totality of the circumstances in a probable-cause analysis. If the smell of marijuana was coupled with another factor or factors, such as smoke emanating from the vehicle, impaired driving, or other signs of impairment, it is more likely that an officer would have probable cause to search a vehicle under the automobile exception to the warrant requirement.

*Id.* at ¶ 62.

{¶ 31} On the other hand, the Ninth District affirmed a trial court's reliance on *Moore* and upheld a search based solely upon the odor of burnt marijuana in a vehicle. *State v. Dejournett*, 2026-Ohio-640 (9th Dist.). The *Dejournett* Court noted that while the case did not involve intoxication, and the defendant argued that marijuana "was no longer contraband" in Ohio, it was still illegal to smoke marijuana in a vehicle under former R.C. 3780.36(D)(2). *Id.* at ¶ 8. The court held

that the officer had probable cause to search the vehicle based solely on the odor of burnt marijuana. *Id*. at ¶ 9.

{¶ 32} In the instant matter, the odor of marijuana combined with Lewis's admission that he had smoked marijuana in the vehicle earlier that day is indicative of a violation of former R.C. 3780.36(D)(2). The statute was written quite narrowly — it prohibits simply being in a vehicle while smoking marijuana.

{¶ 33} However, former R.C. 3780.99(B), regarding penalties, provided:

> Except as otherwise provided in this chapter, an adult use consumer who uses adult use cannabis in public areas, or who violates division (D)(2) of section [former] 3780.36 of the Revised Code *as a passenger*, is guilty of a minor misdemeanor.

(Emphasis added.) Thus, it appears that only smoking marijuana in a vehicle as a passenger constituted a minor misdemeanor under the former statute. There was no penalty set forth for a *driver* smoking marijuana in a vehicle.[2] Former R.C. 3780.36(D)(2) provides that an individual smoking marijuana is subject to R.C. 4511.19 for any violation of the division, but this statute deals solely with the *operation* of a vehicle while intoxicated — not simply being in a vehicle while smoking marijuana. There is no provision in R.C. 4511.19 that would apply to an individual smoking marijuana in a vehicle without also being under the influence while operating the vehicle.

---

[2] We have recognized that a passenger is not the operator of a vehicle. *See State v. Schultz*, 2008-Ohio-4448, ¶ 30, fn. 6 (8th Dist.) (noting the General Assembly's definition of "operate" to require that a person cause movement of a vehicle and stating, "[A]n impaired passenger cannot be convicted of a physical control violation because he is not in the driver's seat. See R.C. 4511.194(A)(2).").

{¶ 34} "In Ohio, all criminal offenses are statutory, and the elements necessary to constitute a crime must be gathered wholly from the statute." *State v. Ford*, 2011-Ohio-765, ¶ 10, citing *State v. Draggo*, 65 Ohio St.2d 88, 91 (1981).

> "R.C. 2901.03 says that if conduct is not statutorily defined as an offense, that conduct cannot constitute a criminal offense. R.C. 2901.03(A) * * * '[U]nder R.C. 2901.03(B), a criminal offense is not defined unless "one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty."' *State ex rel Quality Stamping Prods. v. Ohio Bur. of Workers' Comp.* (1998), 84 Ohio St.3d 259, 264, 703 N.E.2d 309, quoting R.C. 2901.03(B).
>
> The touchstone of statutory construction is the intent of the legislature. *See State v. Jordan* (2000), 89 Ohio St.3d 488, 491, 2000[-]Ohio[-]225, 733 N.E.2d 601 * * * Intent is determined by giving effect to the words used by the legislature in the statute, not adding or deleting words. *Jordan* at 492, 733 N.E.2d 601 (saying that a court must "give effect to the words used [in a statute], not * * * delete words used or * * * insert words not used" [citations omitted and emphasis sic]). '[P]lain language requires no additional statutory interpretation.' *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010[-]Ohio[-]2671, 931 N.E.2d 110, at ¶ 30; *see also Jordan* at 492, 733 N.E.2d 601 ("If the meaning of the statute is unambiguous and definite, it <u>must be applied as written</u> and no further interpretation is necessary" [citation omitted])."

(Emphasis in original.) *State v. Knox*, 2012-Ohio-3821, ¶ 15 (8th Dist.), quoting *State v. Chessman*, 2010-Ohio-3239, ¶ 9-11 (2d Dist.).

{¶ 35} There was much discussion at the suppression hearing as to what violation the officer had suspected Lewis of committing. Sgt. Petrie testified that it was illegal to have burnt marijuana in a vehicle; the State maintains that Lewis violated former R.C. 3780.36(D)(2) by smoking marijuana in his vehicle. A police officer does not need probable cause to believe that a vehicle would contain evidence

of a specific offense; it is sufficient that the officer had probable cause to believe that the vehicle would contain evidence of *a criminal offense*. *State v. Hayward*, 2018-Ohio-1070, ¶ 29 (10th Dist.), citing *Dixon v. Maxwell*, 177 Ohio St. 20, 21 (1964).

{¶ 36} The Twelfth District has noted:

> Probable cause exists when the officer has sufficient information, derived from his own knowledge or a trustworthy source, which would lead a prudent person to believe the accused committed a criminal offense. *State v. Cearley*, Butler App. No. CA2003-08-213, 2004[-]Ohio[-]4837, ¶ 8. In turn, "knowledge of the precise crime committed is not necessary to a finding of probable cause provided that probable cause exists showing that a crime was committed." *United States v. Anderson* (C.A.6, 1991), 923 F.2d 450, 457. In fact, whether the accused actually committed a crime is not pertinent to a probable cause determination. *Barnes* [*v. Meijer Dept. Store,* 2004-Ohio-1716,] ¶ 13 [(12th Dist.)].

*Frazier v. Clinton Cty. Sheriff's Office*, 2008-Ohio-6064, ¶ 15 (12th Dist.).

{¶ 37} Here, Sgt. Petrie believed that probable cause existed that Lewis had committed a criminal offense. While the State maintains that smoking marijuana in a vehicle *is* a criminal offense, under the law at the time of the violation, it does not appear that this prohibition applied to anyone but a passenger in a vehicle. Because Lewis was the operator of the vehicle, and there was no testimony that he was a passenger when he was smoking in the vehicle, there was no statutory penalty and thus no criminal offense.[3]

---

[3] As of the date of this decision, the consumption of adult-use marijuana is now restricted to privately owned real property. Further, any open container of marijuana product or marijuana paraphernalia in a motor vehicle must be stored in the trunk of the vehicle; if there is no trunk, it may be behind the last upright seat of the vehicle or in an area not normally occupied by the driver. *See* R.C. Ch. 3796.

{¶ 38} The trial court correctly determined, albeit for different reasons, that there was no probable cause showing that a crime had been committed, and the search of Lewis's vehicle was improper.[4] The State's sole assignment of error is overruled, and the judgment of the trial court granting Lewis's motion to suppress is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
KATHLEEN ANN KEOUGH, J., CONCUR

---

[4] This court recently decided an analogous case, *State v. Tucker,* 2026-Ohio-1045 (8th Dist.). In each case, the panel considered the unique facts and circumstances and applied the statutory law that was in place at the time of the violation.